UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Howard M. Gorbaty,                                    Civ. No. 20-745 (PAM/KMM)

           Plaintiff,

v.                                                    **MEMORANDUM AND ORDER**

Mitchell Hamline School of Law,[1]

           Defendant.

---

This matter is before the Court on Defendant's Motion to Dismiss. For the following reasons, the Motion is granted.

**BACKGROUND**

In August 2018, Defendant Mitchell Hamline School of Law revoked Howard Gorbaty's offer of admission after discovering that he lied on his application, and did not correct those misstatements when given multiple opportunities to do so. On Gorbaty's application, he answered "[n]o" to:

> Have you ever in your life been charged with the violation of any law, including traffic laws? (Exclude paid parking tickets.) You must disclose this requested information even if the charges were dismissed, you were acquitted, the conviction was stayed or vacated, the record was sealed or expunged, or you were a juvenile. If you answered "yes," you must provide a complete explanation.

(Fall 2018 Application (Docket No. 7, Ex. A) at 5.) Gorbaty also certified that the information in his application was accurate and complete, and acknowledged that an

---

[1] Gorbaty sued Defendant as "Mitchell Hamlin," but that there is no dispute that the correct spelling is as indicated.

"inaccurate or incomplete application may be the basis for denial of admission, or, if I am admitted, for suspension or dismissal from Mitchell Hamline School of Law or revocation of a degree." (Id.)

During orientation week, Mitchell Hamline conducted a public-records check and discovered that Gorbaty had omitted multiple criminal charges from his application. At that time, on August 10, 2018, Emily Dunsworth, then Dean of Admissions, and Christine Szaj, Vice President of Community Relations and Operations, met with Gorbaty and explained that the school discovered this discrepancy in his application. (8/10/18 Dunsworth and Gorbaty Emails (Docket No. 23, Ex. L).)  In that meeting, Gorbaty admitted to omitting information. (Id.) Szaj and Dunsworth instructed Gorbaty that he needed to correct his application by August 17, as well as provide the corresponding police reports relating to the missing information. (Id.) Later that day, Gorbaty emailed Dunsworth and listed the following incidents:

- In 2015, a jury found Gorbaty guilty of harassing communications for sending unwanted Facebook and text messages to a woman. He was sentenced to a fine and 45 days in jail. (Docket No. 7, Ex. B at 13–23.)

- In 2016, he fired two shots from a .38 caliber revolver at his neighbor's residence, and was found guilty of second-degree wanton endangerment. He was sentenced to 12 months' probation. (Id. at 25–29.)

- In 2017, he was sentenced to three days in jail for violating a protective order against the woman to whom he sent harassing communications. (Id. at 31–32.)

- In 2018, Gorbaty was charged with assault for striking his girlfriend's minor daughter and beating her head into the floor. This charge was later dropped. (Id. at 34–40.)

- In 2018, he was charged with again violating the protective order. This charge was also subsequently dropped. (Id. at 42–43.)

(8/10/18 Gorbaty Email (Docket No. 23, Ex. M).) Despite Dunsworth emailing Gorbaty, reminding him to submit the corresponding police reports, he failed to provide any. (8/14/18 Dunsworth Emails (Id. Ex. N).)

On August 20, 2018, Mitchell Hamline revoked its offer of admission, claiming that it would not have offered Gorbaty admission had it known about his criminal history. (Dunsworth Letter (Docket No. 7, Ex. C).) On September 14, 2018, Mitchell Hamline returned Gorbaty's tuition. (Id. Ex. D.)

On October 29, 2018, Gorbaty sued Mitchell Hamline in New Jersey state court alleging specific performance, breach of contract, a violation of the implied covenant of good faith, unjust enrichment, a violation of the New Jersey Consumer Fraud Act, and fraud. (State Complaint (id. Ex. E).) Mitchell Hamline removed the case to New Jersey federal court, and on July 23, 2019, that court dismissed the case for lack of personal jurisdiction over Mitchell Hamline without reaching the merits of the case. (D.N.J. Order (id. Ex. G).)

Gorbaty then reapplied to Mitchell Hamline and again stated in his application that he had never been charged with a crime. (Fall 2019 Application (Docket No. 8, Ex. A) at 5.) His application was, unsurprisingly, denied. On October 9, 2019, Mitchell Hamline's

Interim Dean of Admissions emailed Gorbaty explaining that his application was denied because he did not disclose his criminal history and directed him to contact the school only through its attorney, Ann Huntrods.  (10/9/19 Gemmell Email (id. Ex. B) at 10–11.)  The next day, Huntrods emailed Gorbaty and instructed that any application would be denied "for the foreseeable future."  (10/10/19 Huntrods Email (id. Ex. C).)  Less than three hours later, Gorbaty reapplied, this time for the 2020 term.  (Id. Ex. D.)  In that application, he vaguely disclosed one criminal incident in his history.  His application was once more denied, and he was yet again directed to contact the school's lawyer with any future communication.  (Id. Ex. E.)  Gorbaty has contacted the school, rather than its attorney, approximately 57 times since he was directed not to do so.  Some of those communications were harassing, and one even included a suicide wish for the Dean.  (3/24 Gorbaty Email (Docket No. 23, Ex. K).)

Gorbaty initiated this lawsuit in Ramsey County in March 2020, pleading specific performance, breach of contract, a violation of the implied covenant of good faith, and fraud.  (Docket No. 1, Ex. A.)  Mitchell Hamline removed the case to federal court and filed a Motion to Dismiss.  (Id.; Docket No. 4.)  Gorbaty subsequently filed an Amended Complaint claiming breach of contract, and Mitchell Hamline brought a new Motion to Dismiss.  (Am. Compl. (Docket No. 18); Docket No. 20.)

**DISCUSSION**

Mitchell Hamline moves to dismiss the Amended Complaint on two grounds: insufficient service and failure to state a claim. See Fed. R. Civ. P. 12(b)(4)-(6). The Court will consider its arguments in turn.

### A.  Insufficient Service

Mitchell Hamline first argues that the Amended Complaint should be dismissed because it was not properly served according to Fed. R. Civ. P. 12(b)(4), as the summons was not properly executed or issued. Mitchell Hamline contends that the summons did not comply with Rule 4 because the Amended Complaint: lists "Ramsey County" as the court, did not include a deadline for Mitchell Hamline to respond to the Amended Complaint, and did not bear the Clerk's signature or Court's seal. See Fed. R. Civ. P. 4(a)(1)(A), (D)-(G). Mitchell Hamline is correct that the summons was lacking, but the Court is unpersuaded that the law school was prejudiced by Gorbaty's failure to fully comply with the service rule. "[W]here a plaintiff has, in good faith, substantially complied with the rules for service of process and the defendant has not been prejudiced, a court may find that service was adequate." Seabrook v. Indep. Sch. Dist. #535, No. 16cv2245, 2017 WL 685102, at *2 (D. Minn. Feb. 21, 2017) (Doty, J.). It is reasonable to assume that a law school could deduce what Gorbaty was trying to accomplish through his imperfect summons, and the Court will not dismiss Gorbaty's claim on this basis.

### B.  Breach of Contract

Mitchell Hamline additionally contends that Gorbaty fails to plausibly state a claim. To survive a motion to dismiss under Rule 12(b)(6), a complaint need only "contain

sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)); see also Fed. R. Civ. P. 12(b)(6). A claim bears facial plausibility when it allows the Court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. When evaluating a motion to dismiss under Rule 12(b)(6), the Court must accept plausible factual allegations as true. Gomez v. Wells Fargo Bank, N.A., 676 F.3d 655, 660 (8th Cir. 2012). But "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are insufficient to support a claim. Iqbal, 556 U.S. at 678.

Gorbaty's original Complaint alleged specific performance, breach of contract, a violation of implied covenant of good faith, and fraud. (Docket No. 1, Ex. A.) The Amended Complaint, filed in March 2020, does not plead any specific cause of action, but implies a breach-of-contract violation because the demand for judgment states that Gorbaty is seeking "[r]eadmission to the school and to be placed in the position he was in before the breach of contract from the Defendant(s)." (Am. Compl. at 2.) Although Gorbaty argues that the Amended Complaint "in no way constituted an 'amended complaint,'" his intentions do not defeat the procedural rules the Court follows. (Id. at 6.) Even allowing the lenience required for a pro se litigant, having two operative complaints is a bridge too far. The Court will consider only the Amended Complaint for the purpose of this Motion.

To state a breach of contract claim, Gorbaty must show that: (1) a contract was formed; (2) he performed any conditions precedent; (3) Mitchell Hamline materially breached the contract, and (4) he suffered damages. Parkhill v. Minn. Mut. Life Ins. Co.,

6

174 F. Supp. 2d 951, 956 (D. Minn. 2000) (Doty, J.). Gorbaty utterly fails to demonstrate any of the elements.

The Amended Complaint implies that Mitchell Hamline breached its contract with Gorbaty because it mentions the Mitchell Hamline Student Handbook. However, "Minnesota courts are generally reluctant to find contractual obligations between students and their schools based upon student handbooks." Rollins v. Cardinal Stritch Univ., 626 N.W.2d 464, 470 (Minn. Ct. App. 2001). Gorbaty asserts that the school did not follow the disciplinary-hearing policy outlined in its handbook and that he was targeted and discriminated against by the school, yet provides no legal authority to support this argument. (Pl.'s First Resp. Mem. (Docket No. 27) at 2–3.) Even if any authority supported his contention, the application itself plainly stated "an inaccurate or incomplete application may be the basis for denial of admission, or, if I am admitted, for suspension or dismissal from Mitchell Hamline School of Law or revocation of a degree." (Fall 2018 Application at 5.) Thus, Gorbaty fails to demonstrate the existence of a contract and makes no mention of any condition precedent. The claim thus fails to plausibly allege any elements required for a breach-of-contract claim, and thus Defendant's Motion is granted.

Further, Gorbaty may only amend his pleadings with the Court's leave. He has failed to identify sufficient facts "to raise a reasonable expectation that discovery will reveal" the desired evidence. Twombly, 550 U.S. at 556. Therefore, granting Gorbaty leave to file a Second Amended Complaint would be futile. Fed. R. Civ. P. 15(a)(2).

**CONCLUSION**

Accordingly, **IT IS HEREBY ORDERED that**:

1. Defendant's Motion to Dismiss (Docket No. 20) is **GRANTED**; and

2. The Amended Complaint (Docket No. 18) is **DISMISSED with prejudice**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**


Dated: <u>May 28, 2020</u>

*s/ Paul A. Magnuson*
Paul A. Magnuson
United States District Court Judge
